JANE ANN KER et al.

*v.*

LUCAS V. BANTA et al.

[Submitted January 23d, 1906. Decided April 3d, 1906.]

Under the provisions of "A supplement to an act entitled 'An act concerning executors and the administration of intestates' estates' (Revision), approved March twenty-seventh, one thousand eight hundred and seventy-four, regulating the sale of lands by administrators with the will annexed, or by administrators *de bonis non* with the will annexed, and

4

defining their powers," which supplement was approved April '6th, 1888 (*2 Gen. Stat. p. 1429*), an administrator with the will annexed has power to make sale of lands of the testator when, by his will, testator has conferred upon his executors, by implication, a power of sale

On bill, answer and proofs.

*Mr. William D. Snow,* for the complainants.

*Mr. Samuel R. Demarest,* for the answering defendants.

MAGIE, CHANCELLOR.

The complainants are Jane A. Ker, Cornelia Terhune and Christina Bogert, three of the four children of Dowah R. Christie, deceased, and beneficiaries under his will.

The defendants are Helena Banta, the other child of said deceased, and also a beneficiary under his will; Lucas V. Banta, her husband, and administrator with the will annexed of said deceased, and persons who are children of the complainants and the defendant Helena Banta, and who are, or may be, beneficiaries under the will of the deceased.

The principal purpose of the bill is to obtain a construction of portions of the will of Dowah R. Christie, and direction to the administrator with the will annexed as to his powers and duties thereunder.

This form of equitable relief is generally sought by executors or trustees who are in doubt respecting their powers and duties, but no reason can be perceived why interested persons may not seek this sort of relief, and obtain it, by a judicial direction to the person charged with such duties. In this case no question is raised by the administrator with the will annexed, or any of the defendants, as to the right of the court to act in the premises; but, on the contrary, the answer of the administrator, in which his wife joins, shows that he has doubts as to his powers and his duties under the will, and had contemplated applying to the court himself for directions when it became necessary to act. By the answer the administrator and his wife submit themselves to the order and decree of this court with respect to this main purpose of the bill.

The will of Dowah R. Christie was probated, on June 13th, 1888, by Elizabeth Christie, his widow, and Cornelius R. Christie, the executors named therein, both of whom have since died. After direction for payment of debts and expenses, he thereby gave all his property, real and personal, to his wife, Elizabeth, "to enjoy the use, occupancy, rents and profits thereof" during her life. By the third clause of the will he gave Jane Ann Ker, after the death of his wife, a lot of land and a building, declared by testator to be valued at $5,800, with all its income, during her life, and after her decease the said property to be divided among her children, share and share alike. By the fourth clause he gave Cornelia Terhune, after the death of his wife, another lot and building, declared by him to be valued at $5,000, with its income, during her life, and after her decease to be divided among her children, share and share alike. By the fifth clause he gave to Christina Bogert a lot and house, declared by him to be valued at $4,000, with its income, during her life, and after her decease to be divided among her children, share and share alike. The sixth clause raises the question now under consideration. It is in the following words:

"*Sixth.* I further give and bequeath, after the decease of my said wife, Elizabeth, unto my daughter Helena, from the proceeds of the sale of other real estate, the sum of five thousand eight hundred dollars, with its income, during her life, and after the decease of said daughter Helena, then the said property to be divided among her children, share and share alike."

By the seventh clause he gave to Christina Bogert $1,800, and to Cornelia Terhune $800, and after their respective deaths the said property is to be divided among their children, respectively.

Reading together the third, fourth, fifth, sixth and seventh clauses, it is apparent that testator designed to benefit each of his four daughters by devises of real estate or bequests of personal estate of equal value in his estimation. Thus he gave Mrs. Ker a house deemed worth $5,800, Mrs. Terhune a house deemed worth $5,000 and $800 in money, and Mrs. Bogert a house deemed worth $4,000 and $1,800 in money, and Mrs. Banta $5,800 in money.

By the eighth clause he gave, after the death of his wife, to Mrs. Ker, Mrs. Bogert, Mrs. Terhune and Mrs. Banta, "all the proceeds from the sale of real estate and other personal property which may be left after the settlement of the foregoing bequests, to have share and share alike." Then follows the ninth clause, which is in these words:

"*Ninth.* 1 do give my executors full power and authority to manage and control my real and personal estate, to give and execute all agreements, leases and papers, and to do all things proper to carry into effect the provisions of this will."

The question first presented relates to the power of the administrator with the will annexed to make sale of a farm of which testator died seized, and which, it is admitted, was the only real estate owned by him at his death, besides the houses and lots devised by the third, fourth and fifth clauses of the will.

It has been declared to be the rule that when a will confers a power of sale upon executors *ratione officii,* the power may be exercised by anyone succeeding to the office. *Griggs* v. *Veghte, 47 N. J. Eq. (2 Dick.) 179; Joralemon* v. *Van Riper, 44 N. J. Eq. (17 Stew.) 299.* The legislature has deemed it proper to enact a law upon the subject. The statute at present in force is the supplement to the "Act concerning executors and the administration of intestates' estates," approved April 6th, 1888. *2 Gen. Stat. p. 1429.* In the case of *Varick* v. *Smith, 67 N. J. Eq. 1,* I had occasion to examine that supplement, and reached the conclusion that it conferred upon administrators with the will annexed power to make sale of lands, when the testator, by his will, had empowered his executors to make sale thereof as executors. A deed of the administrator with the will annexed, upon a sale of lands, duly reported to and approved by the orphans court, as required by that act, will doubtless pass title to the lands.

The ninth clause of the will before us gives somewhat extensive powers to the executors named therein. There is, however, no language in that clause conferring on the executors named in the will express power to sell the real estate of testator.

But a power to sell lands may be inferred to have been conferred upon executors, and will be implied when a sale of lands is necessary to carry out the provisions of the will and no other person is designated to make the sale, and when testator has blended together real and personal estate and the united proceeds are to be distributed by the executors.    Here the farm must be sold to raise the $5,800 for Mrs. Banta, and under the sixth clause of the will any excess above that sum is to be put together with proceeds of personal property not otherwise disposed of, and is to be distributed among the four daughters, under the eighth clause.    A power of sale in the executors, under such circumstances, would be implied.    *Lippincott* v. *Lippincott,* *19 N. J. Eq. (4 C. E. Gr.)* *121;* *Haggerty* v. *Lanterman,* *30 N. J. Eq. (3 Stew.) 37;* *Hollman* v. *Tigges,* *42 N. J. Eq. (15 Stew.) 127;* *Potter* v. *Adriance,* *44 N. J. Eq. (17 Stew.) 14;* *Lindley* v. *O'Reilly,* *50 N. J. Law (21 Vr.) 636, 649.*

A power of sale thus implied seems to be a mere naked power. Chancellor Williamson expressed the opinion that such a power could not be exercised at common law by the survivor of several executors, but might be exercised by such a survivor or an administrator with the will annexed under an act similar to the act of 1888, before cited.    *Chambers* v. *Tulane, 9 N. J. Eq. (1 Stock.) 146.*

Under the provisions of that act I have no doubt but that the power of sale impliedly conferred upon the executors of the deceased by his will may be exercised by the administrator with the will annexed.    Therefore a duty devolves upon him to make sale of the farm not devised by testator, both for the purpose of raising the $5,800 given to Mrs. Banta and her children by the provisions of the sixth clause and for the purpose of dividing the excess of the purchase price above that sum, together with the proceeds of sale of personal property not otherwise disposed of, among the four daughters.    This plain duty Lucas V. Banta must perform within a reasonable time, using his best judgment as to the time and mode of sale for the purpose of procuring a fair price for the property.

There is a circumstance disclosed by the bill, and admitted by the answer, which justifies some auxiliary relief in respect

to such a sale. It is made to appear that after the administrator with the will annexed was appointed it was discovered that the deceased had no title on record for a portion of the farm, nor could any deed for that portion be found among his papers. The administrator, by his counsel, made application to the descendants of the grantor of the deceased and obtained from them a deed to cure the defect, but the conveyance thereby was made to the four daughters of the deceased in fee-simple. It is not pretended that they paid any consideration for this conveyance, and the complainants admit, and the defendants do not deny, that the grantees hold the title for the administration of the estate of Dowah R. Christie. Therefore, the administrator may, when he makes a sale, call upon them and require them to confirm by their deed such conveyance as he shall make.

It appears in the case that the administrator with the will annexed holds funds of the estate, arising from personal property, sufficient to satisfy the two sums of $800 and $1,800, which are the subject of the gift in the seventh clause of the will, and that he has been paying interest thereon to the life beneficiaries. He has treated it as if he held the sums in trust for the beneficiaries. In the argument, counsel seemed to assume that the administrator rightly treated them as trust funds to be administered by him, and also that the $5,800, the subject of the gift in the sixth clause, when raised from the sale of the farm, would also be thus held. It is proper to say that this cannot be conceded. The will created no express trust of those sums. If one was created by implication, in the executors, it does not follow that an administrator with the will annexed succeeds to that trust. In *Varick* v. *Smith, ubi supra,* it was held that the powers conferred by the act of 1888 were limited to the sale of lands by the language of the act and by its title. The matter thus suggested is not within any of the prayers of the bill, and cannot therefore be passed upon.

The bill seeks other relief. It prays that the administrator with the will annexed be decreed to settle his account in this court.

The jurisdiction of this court to require such accounting is undoubted. While paramount, its jurisdiction is to some extent

concurrent with the jurisdiction of the orphans court. The jurisdiction of that court ought not to be interfered with except for some special cause. *Frey* v. *Demarest,* 16 *N. J. Eq.* (*1 C. E. Gr.*) *236; Rutherford* v. *Alyea,* 54 *N. J. Eq.* (*9 Dick.*) *411; Bird* v. *Hawkins,* 58 *N. J. Eq.* (*13 Dick.*) *229; Search* v. *Search,* 27 *N. J. Eq.* (*12 C. E. Gr.*) *137.* Not only is there no good cause shown for requiring an accounting in this court, but it is made distinctly to appear that it would be inequitable to do so.

The bill of complainants states, and it is conceded by the answer and proved by the evidence, that the administrator with the will annexed had previously filed his account with the orphans court of Bergen county, and that some of the complainants, if not all, had filed exceptions thereto, which exceptions are now pending before that court, the matter having been laid over to await the determination in this cause. Under such circumstances, I think the accounting should not be removed from the tribunal which has jurisdiction and brought into this court, with additional expense and delay. The principal objection to that account in the orphans court was in respect to allowance claimed by the administrator for payments to his wife from the rents of the unsold farm. The contention was that as the farm had not been sold the fund of $5,800 had not been segregated from the estate, and its income was not payable until after the sale. But the administrator insisted that the complainants agreed that while the farm remained unsold he should thus dispose of the rents over and above the necessary expenses, and that his payments upon their agreement could not be objected to by them. But this contest can be conducted in the orphans court as well as here.

A decree will be made on the lines of this opinion respecting the powers and duties of the administrator with the will annexed, but no other relief will be granted under this bill.